WILLIAM H. REEDER and MARY F. REEDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reeder v. Commissioner
Docket No. 7761-70.
United States Tax Court
T.C. Memo 1974-68; 1974 Tax Ct. Memo LEXIS 252; 33 T.C.M. (CCH) 328; T.C.M. (RIA) 74068; March 21, 1974 Filed. *252 William H. Reeder, pro se. Robert J. Shilliday, Jr., for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent determined deficiencies in petitioners' Federal income tax as follows: Year
Amount 1966
$1,105.57
1967
1,084.05
Because of concessions, the only issue remaining for our decision is whether petitioners incurred losses from the sale of inventory in 1966 and 1967. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners, William H. Reeder (Reeder) and Mary F. Reeder, are husband and wife who, at the time of the filing of the petitioner herein, resided in Lakeland, Florida. They filed joint Federal income tax returns for the calendar years 1966 and 1967. In 1959 Reeder leased space at a shopping center in Rockville, Maryland, for a monthly rental of $300 and opened a watch repair shop and jewelry store at that location. In order to purchase fixtures and merchandise for the store, Reeder borrowed $5,000 from a bank. Such loan was later increased to $7,000. Other inventory for the store was supplied from merchandise he had accumulated over the years, *253 or was consigned to him from jewelry firms. As collateral for the loan, Reeder transferred $5,000 worth of jewelry to the bank but because he needed this merchandise to operate the store, his landlord cosigned his note at the bank and the jewelry was returned to him. Reeder continued in business through December 1960. His main source of income from the store was from the repair of watches. He kept few business records for the store, and took only one inventory during its entire operation. Such inventory, taken in March 1960, showed a total retail value of merchandise on hand of approximately $53,500. Reeder's wholesale cost of the merchandise was generally one-half of the retail price, though some merchandise cost two-thirds of the retail price. The portion of the inventory owned by Reeder is unknown since some items were on consignment to him. Reeder sold a portion of the merchandise listed on the March 1960 inventory and purchased additional merchandise prior to the closing of the store. In December 1960, Reeder received a 30-day notice from his landlord terminating his lease. Petitioners packed their belongings, including the merchandise owned by Reeder, and moved *254 to Lakeland, Florida. Reeder did not take any inventory of the merchandise which he took with him to Florida. Petitioners stored the merchandise at their home in Lakeland, Florida, in two salesmen's sample cases which were approximately 20-inches wide, 12-inches deep, and 30-inches high. Petitioners did not insure the merchandise, nor did they keep it under lock and key. In 1961, Reeder sold watch materials on the road. Because this venture proved unsuccessful, he accepted a job with Honeywell Regulator Company (Honeywell) in 1962 as a watchmaker. Reader received a two-week vacation from Honeywell each year. Petitioners traveled throughout the souteast during such vacations, and attempted to sell some of Reeder's retained inventory in various small towns along the way. They also visited friends and relatives during these periods. Petitioners sold their merchandise at less than its cost, and based on such sales claimed losses on their jewelry business for the taxable years 1962 through 1971 as follows: Year
Opening
Cost of
Gross Sales
Cost of
Business
Claimed Net
Inventory
Merchandise
Goods Sold
Expenses
Loss Purchased
1962
$3,231.75
$-0-
$2,462.50
$3,231.75
$1,176.55
$ 1,945.80
1963
-0-
6,812.00
3,406.00
6,812.00
1,154.00
4,560.00
1964
-0-
6,602.00
3,301.00
6,602.00
983.00
4,284.00
1965
-0-
6,830.00
3,415.00
6,830.00
1,211.00
4,626.00
1966
-0-
9,894.00
4,947.00
9,894.00
1,222.00
6,169.00
1967
-0-
9,648.00
4,824.00
9,648.00
1,091.00
5,915.00
1968 *
19,983.00
12,690.00
-0-
12,690.00
508.00
13,198.00 1969
7,293.00
-0-
300.00
1,200.00
4,297.00
5,197.00
1970
6,093.00
-0-
436.00
1,191.00
683.00
1,438.00
1971
4,902.00
-0-
484.00
2,601.00
627.00
2,844.00**
*255 In his statutory notice of deficiency respondent determined that petitioners sustained no loss on the sale of merchandise for the years 1966 and 1967. OPINION Petitioners claimed business losses for the years 1962 through 1971 on the sale of merchandise retained from a jewelry store they had previously owned. Respondent disallowed their claimed losses for the years 1966 and 1967 on the basis that petitioners had failed to establish that they had an inventory during such years. Petitioners *256 bear the burden of proof to establish their claimed losses and the amounts thereof. ; (C.A. 5, 1958), affirming a Memorandum Opinion of this Court; . The evidence adduced by petitioners falls far short of meeting their burden of proof, and we accordingly must hold for respondent. Petitioners' evidence consists entirely of two inventories and their own testimony. Such evidence contains innumerable inconsistencies and is wholly inadequate as a basis for establishing any loss. Petitioners' first inventory listed merchandise at a total retail value of about $53,000 and was taken in March 1960, approximately nine months before they closed their jewelry store. Reeder testified that the wholesale cost of this merchandise was generally one-half of its retain cost, or $26,500. Some of this inventory was on consignment to Reeder or pledged as collateral for a loan, thus we do not know what part of such inventory petitioners owned. We also do not know what part was retained by petitioners when they closed their store and moved *257 to Florida. Petitioners testified that they bought no further merchandise after they closed their store in December 1960. They claimed business losses on their income tax returns for the years 1962 through 1965 on the sale of inventory with a cost basis of approximately $24,000. We must assume from this, absent evidence to the contrary, that any inventory retained by petitioners was sold prior to the years in issue. Accordingly, the 1960 inventory provides no substantiation for petitioners' claimed inventories in 1966 and 1967. At trial petitioners introduced a second inventory showing a cost basis of approximately $33,000, which they assert was taken in December 1965. Such inventory when added to the cost of goods sold claimed by petitioners in prior years would result in an inventory with a cost basis of over $57,000 retained by petitioners when they closed their store in 1960. The March 1960 inventory, only a part of which was owned by petitioners, listed merchandise with a cost basis of approximately $26,500. Absent any evidence that this March 1960 inventory was greatly augmented during the remainder of that year, we cannot believe that petitioners retained an inventory *258 in excess of $57,000 when they closed their store in December 1960. We also cannot reconcile this 1965 inventory with other statements made by petitioners. On their tax returns, petitioners claimed that they sold inventory in 1966 and 1967 with a total cost basis of $19,542, and Reeder testified that all of their retained inventory was sold by 1968. It is mathematically impossible for petitioners to have had an inventory of approximately $33,000 at the end of 1965, have sold inventory costing $19,542 in 1966 and 1967, and then have an opening inventory of zero in 1968. We conclude from all of the above that the 1965 inventory is suspect, and too inaccurate to support any loss. We also are of the opinion that petitioners' testimony at trial can be given little credence. Reeder testified that petitioners sold all of the retained inventory by 1968, yet they claimed losses of about $16,500 on the sale of retained inventory for the years 1968 through 1971. Petitioners testified that they purchased no merchandise after they closed their store in 1960. One their tax returns for the years 1963 through 1967, however, petitioners stated that they had no opening inventory and claimed *259 losses based on the sale of merchandise they purchased in each of those years. In addition, petitioners were unable to explain to us the source of the funds they used to acquire the large inventory they claim to have retained from their store. On the basis of the foregoing, it is abundantly clear that petitioners have failed to substantiate that they sustained lossed in 1966 and 1967 on the sale of merchandise. Because of concessions, Decision will be entered under Rule 155. Footnotes
*. The figures reported by petitioners for 1968 cannot be satisfactorily explained. If they had no opening inventory in 1963 to 1967, and if they sold all merchandise purchased during those years, there could be no opening inventory in 1968. The only way these figures make sense is by assuming that petitioners either meant to enter the $19,983 under cost of merchandise purchased, or misstated their inventory in prior years. There is a further problem in that petitioners claim $12,690 as the cost of goods sold, yet state there were no sales during such year. ** Petitioners erred in this computation. The claimed expenses and sales figures for 1971 result in a net loss of $2,744. ↩